UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW JAMES, 00-A-3509,

                              Plaintiff,                              DECISION AND ORDER

-v-                                                                         10-CV-6714 CJS

DR. WESLEY CANFIELD, et al.,

                              Defendants.
_____

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff, a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that the Defendants denied him proper medical treatment, in violation of his federal constitutional rights.  Now before the Court is Defendants' motion to dismiss. (Docket No. [#9]).  The application is granted.

BACKGROUND

On December 23, 2010, Plaintiff commenced this action, proceeding *pro se*.  The Complaint alleges that Plaintiff suffered constitutional violations at   two correctional facilities: Great Meadow Correctional Facility ("Great Meadow") and Southport Correctional Facility ("Southport").  Two of the defendants, "Jane Doe Collins - Nurse Administrator" ("Collins") and "Jane Doe Lippa - R.N." ("Lippa") were employed at Great Meadow.  The other three defendants, "Wesley Canfield - Clinical Physician" ("Canfield"), "Angela Gorg - R.N." ("Gorg") and "Jeremy Clement - R.N." ("Clement") were employed at Southport.

1

Plaintiff's claim centers around the fact that he was receiving the medication "propanolo" "for years."  The Court understands him to be referring to "propranolol," which is a beta-blocker drug used to treat a variety of conditions including hypertension, angina, migraine headaches, irregular heartbeat and thyroid problems.[1]

As for his allegations of wrongdoing by defendants, Plaintiff alleges that in April 2009 and May 2009, "the medical department" at Great Meadow "tampered [with] and played with" his medication.  Plaintiff asked Collins to investigate his claim of tampering, though he apparently believes that she did not do so. *See*, Complaint [#4-2] at p. 3 (Stating that Collins "was suppose to have conducted an investigation").  Plaintiff further alleges that while he was at Great Meadow, Lippa "lied to him" concerning his "synthroid meds."  The Court understands "synthroid" to be a medication used to treat thyroid problems.[2]   The Complaint does not explain how Plaintiff's medications were allegedly being tampered with at Great Meadow, or how Lippa allegedly lied to him.

With regard to the Southport defendants, the Complaint states that after Plaintiff was transferred from Great Meadow to Southport, "the tampering of [his] medical meds . . . continue[d] to take place."  Plaintiff states that Clement "stopped" Plaintiff's  medications without Plaintiff's permission.  Plaintiff further states that Gorg and Canfield lied to him, by telling him that "Pliva" medications and propranolol were "the same and there was nothing different concerning these meds."  The Court notes, though, that Pliva, Inc. ("Pliva"), a

---

[1]See:      http://www.mayoclinic.com/health/drug-information/DR602491;     see    also, http://www.mayoclinic.com/health/graves-disease/DS00181/DSECTION=treatments-and-drugs.

[2]See:  http://www.synthroid.com/

pharmaceutical company, manufactures propanolol hydrochloride tablets.[3]

When asked to describe his alleged injuries, Plaintiff stated that he could have suffered "death and the dysfunction of many organs," but he was not able to identify any particular injury.  Complaint [#4-2] at p. 3.

The Complaint further alleges that the tampering took place at the behest of Michael Gary, a Justice of the Kings County Supreme Court, who apparently presided over Plaintiff's criminal trial.  Plaintiff alleges that Justice Gary is using DOCCS employees to to "murder" him:

> The Plaintiff['s] trial judge of Kings County Mr. Michael A. Gary use members of the NY. State D.O.C.S. to try to murder the Plaintiff.  It is alleged that the tampering of the Plaintiff's medical meds is a alternative tactic used by the Medical Department on behalf of Mr. Gary to bring about harm to the Plaintiff without actually having any member of D.O.C.S. physically assaulting the Plaintiff again.

Complaint [#4-2] at p. 5.

Defendants filed the subject motion to dismiss the Complaint, on the grounds that it fails to state a claim.  Defendants also contend that the claims involving Great Meadow should be dismissed for improper venue, since Great Meadow is located in the Northern District of New York.[4]  The Court issued a Motion Scheduling Order [#13], directing Plaintiff to file any opposition to the motion to dismiss by April 20, 2012.  However, Plaintiff never

---

[3]See, e.g.: http://www.drugs.com/imprints/pliva-467-6142.html ("Pill imprint PLIVA 467 has been identified as Propranolol hydrochloride 10 mg.").

[4]The Court agrees that as to the Great Meadow defendants, venue would be proper in the Northern District of New York, since that is where those Defendants reside for purposes of venue, and since that is where the claims against them arose. *See,  Crenshaw v. Syed*, 686 F.Supp.2d 234, 237 (W.D.N.Y. 2010) ("For the purposes of venue, state officers 'reside' in the district where they perform their official duties.") (citations omitted); *accord, Gamble v. Isaacs*, No. 9:05-CV-1097,  2006 WL 1763680 at *1 (N.D.N.Y.  Jun. 23, 2006).

filed a response.

DISCUSSION

Defendant has moved to dismiss the complaint for failure to state a claim, and the standard for such motions is well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[5] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Second, only a complaint that states a plausible

---

[5]The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

4

claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

"While a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, this Court affords *pro se* litigants 'special solicitude' by 'interpreting [a pro se ] complaint to raise the strongest claims that it suggests.'" *Jackson v. Pfau*, No. 12–324–pr, 2013 WL 1338712 at *1 (2d Cir. Apr. 4, 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011) (alterations and quotation marks omitted)).

The Complaint purports to state 8th Amendment "deliberate indifference" medical claims, and the law concerning such claims is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.

> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have

unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

In the instant case, the Complaint fails to set forth sufficient facts to plead a plausible claim of deliberate indifference to serious medical needs.  For example, Plaintiff does not allege that he suffers from any particular disease or illness, nor does he allege that Defendants' alleged actions caused him any harm.  Instead, the Complaint merely makes conclusory allegations without factual support.  At most, it appears that Plaintiff had a misunderstanding or disagreement with Defendants concerning his treatment.  It also appears that Plaintiff's allegations concerning a plot to murder him are "fanciful," "fantastic" or "delusional." *See, Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic." or "delusional.") (citations omitted).

CONCLUSION

Defendants' motion [#9] is granted, and this action is dismissed with prejudice.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:      April 24, 2013
            Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge